# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TORRANCE WILLIAMS EL,**
       Plaintiff,

v.                                        Case No. 18-C-0827

**DANIEL J. BORROWSKI, et al.,**
       Defendants.

## DECISION AND ORDER

Torrance Williams El, proceeding pro se, has filed a complaint in this court. He seeks leave to proceed without prepaying the filing fee under 28 U.S.C. § 1915. I conclude that the plaintiff cannot afford to prepay the filing fee, and therefore I will grant his request for leave to proceed without prepaying it. However, under 28 U.S.C. § 1915(e)(2)(B)(ii), a court must dismiss a complaint if it determines that it fails to state a claim on which relief may be granted. In this case, I conclude that the complaint fails to state a claim.

The plaintiff alleges that he and his spouse were evicted from their home following court proceedings in Sheboygan County. The plaintiff sues the state-court judge who presided over the eviction case, the "Sheboygan County Courthouse," and Trina Homes, LLC, which appears to have been the landlord that prevailed in the eviction case. There are several reasons why the complaint must be dismissed. First and perhaps most importantly, the plaintiff is essentially trying to take an appeal from an adverse state-court ruling. But under what is known as the *Rooker-Feldman* doctrine, a lower federal court lacks jurisdiction to consider an appeal from a state-court judgment. The doctrine applies to "cases brought by state-court losers complaining of injuries

caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). Here, the plaintiff is the loser in a state-court eviction proceeding and is complaining of injuries caused by the judgment in that case, which was rendered before the district-court proceeding commenced. The plaintiff also seeks to have this court review and reject the judgment in the eviction case. Therefore, this case must be dismissed under *Rooker-Feldman*.

Even if *Rooker-Feldman* did not apply, this case would have to be dismissed. First, the plaintiff's allegations do not show that any defendant, while acting under color of state law, violated his federal rights. Therefore, he has not stated a claim under 42 U.S.C. § 1983. Moreover, the complaint does not allege facts that give rise to any other plausible federal or state claim against any defendant. Second, Judge Borrowski would be entitled to absolute immunity, as the allegations against him pertain to his role as the judge in the eviction proceeding, and therefore the claims against him would have to be dismissed. *See, e.g., Myrick v. Greenwood*, 856 F.3d 487, 488 (7th Cir. 2017). Finally, the Sheboygan County Courthouse is not a suable entity, and therefore the claims against it would have to be dismissed.

For the reasons stated, **IT IS ORDERED** that that the plaintiff's request for leave to proceed without prepaying the filing fee is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint and this action are **DISMISSED** for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin, this 4th day of June, 2018.

          s/Lynn Adelman_____
          LYNN ADELMAN
          District Judge